Submitted on record and briefs May 17, 1991, affirmed January 8, 1992

RICHARD LEON McKENZIE,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A65925)

823 P2d 1023

Richard Leon McKenzie, Salem, filed the brief *pro se.*

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and John Reuling, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J.

## DEITS, J.

Petitioner appeals an order of the Board of Parole setting his parole release date. He contends that the Board failed to follow its administrative rules. He was serving an 8-month sanction for a parole violation and was scheduled for release on March 13, 1990, when he took a "voluntary absence" from the facility. The Board extended his release date to April 15, 1990, to compensate for "inoperative time." At that time, the Board received official notice of three additional convictions, each carrying a sentence of one year and one day, to be served consecutively. Petitioner's term for the first new violation was served concurrently with his parole violation sanction and had been completed at the time of the parole release hearing.

At the hearing, the Board imposed two consecutive 6-month terms for petitioner's remaining two convictions on the basis of petitioner's Board matrix. The Board adjusted his sentencing date to December 14, 1989, and, under the matrix, set his parole release date at December 13, 1990. Petitioner argues that the Board erred in setting the release date. We affirm.

Petitioner argues that "the provisions of OAR 255-35-025(1)(a) * * * expressly require that the 'maximum' prison term the board may impose on such a sentence of one year and one day is two months." OAR 255-35-025 provides, in part:

"When the Board chooses to set a parole release date on a sentence with a statutory good time date which calls for earlier release than the [matrix] guideline range indicates (due to a short sentence), the maximum initial prison terms shall be as follows:

"(a) Six months from the statutory good time date on a sentence of at least one year and less than three years * * *."

The rule does not apply to this case, however, because the statutory good time date here does not call for earlier release than does the Board's matrix. To calculate a good time release date, the Board applies ORS 421.120(1)(b), which provides:

"From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence

actually served in the Department of Corrections institution."

Given petitioner's three new sentences, one of which had already been served, the rule would allow petitioner to serve only 8 months on each remaining one year and one day sentence after December 14, 1989, making his earliest good time release date on those sentences[1] April 15, 1991. Because the statutory good time date does not call for release earlier than the matrix release date, the Board's order setting petitioner's release date was proper.

    Affirmed.

---

[1] Petitioner has other sentences, which are not included in this calculation.